Cammie Mays, the natural mother of Kevon Mays, a minor child born July 6, 1996, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights and granted permanent custody of Kevon to the Stark County Department of Human Services. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
On October 21, 1998, the court filed findings of fact and conclusions of law. We have reviewed the court's findings of fact, and some of the court's findings of fact are actually recitations of evidence presented, without any finding by the court regarding whether it believed the testimony to be true. The court made findings of fact regarding whether Kevon could be placed with his mother in the foreseeable future, or should be placed with her. The court's conclusions of law appear to be simply a recitation of the applicable statutes.
 I and II
The trial court found following Kevon's placement outside his mother's home and despite reasonable case planning and diligent effort by SCDHS, the mother had failed repeatedly and continually for a period of six months to substantially remedy the conditions causing the children to be placed outside the mother's home. This finding does not appear to be supported by the weight of the evidence. Appellant was a minor when Kevon was born, and had been thrown out of her home. Both Kevon and appellant were originally placed together in a foster home. While DHS and the trial court are critical of appellant's action in moving from the foster home and away from her child, it is difficult for us to see how she could have met the provision of the case plan requiring her to secure independent housing if she had not left. Likewise, the court found appellant was unwilling or unable to provide food, clothing, shelter and other basis necessities for this child, but the child has been in foster care and in the custody of the DHS since birth. Appellant testified she took presents to Kevon when she visited.
The trial court's conclusions of law quote the factors listed in R.C. 2151.414 regarding the best interest of the child, but the court made no findings of fact regarding those factors as applied specifically to Kevon and to appellant. The court merely made the finding it is in the best interest of Kevon permanent custody to SCDHS.
As appellant points out, the juvenile court should interpret the Revised Code so that the purpose of the statutes are carried out, In re: William S. (1996), 75 Ohio St.3d 95. The purpose of Revised Code Chapter 2151 is to maintain the family unit whenever possible, In re: Lay (1987), 43 Ohio App.3d 78. The record on appeal does not demonstrate reasonable efforts to maintain appellant and Kevon as a family.
Our review of the record leads us to conclude there was insufficient evidence presented that Kevon could not or should not be placed with appellant within a reasonable time, nor that it was in his best interest to grant permanent custody to SCDHS. Instead, we find appellant has not had a full opportunity since turning 18 to include Kevon in her life. Thus, we find the termination of her parental rights was inappropriate.
The first and second assignments of error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Reader, V. J., concur
--------------------
--------------------
 -------------------- JUDGES